**Ara Marie HAVENS, Appellant,**

v.

**E.I. DU PONT DE NEMOURS AND COMPANY.**

No. 02–2286.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) Jan. 14, 2003.

Decided Feb. 4, 2003.

Before ROTH, FUENTES, and ALDISERT, Circuit Judges.

OPINION OF THE COURT

FUENTES, Circuit Judge.

On December 18, 2000, Ara Marie Havens ("Havens"), a fifty-three year old woman, filed this civil action in the United States District Court for the District of Delaware against E.I. du Pont de Nemours and Company ("DuPont"). Havens alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq. Havens asserted that DuPont retaliated against Havens for filing a previous lawsuit and committed sex and age discrimination by failing to promote Havens to a higher paid position. DuPont instead promoted five male candidates, all younger than Havens. After the close of discovery, DuPont moved for summary judgment. On April 11, 2002, the District Court granted DuPont summary judgment on all claims.

We exercise jurisdiction under 28 U.S.C. § 1291 over a final decision of a district court. We exercise plenary review over a district court's grant of summary judgment and review the facts in the light most favorable to the party against whom summary judgment was entered. *See Brooks v. Kyler,* 204 F.3d 102, 105 n. 5 (3d Cir. 2000). Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). At the summary judgment stage, the judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby,*

*Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

After a careful review of the record and the Parties' arguments, we find no basis for disturbing the District Court's thorough and well-reasoned opinion. Havens produced neither evidence that she was denied a promotion in retaliation for filing another lawsuit nor evidence that Du-Pont's non-discriminatory reasons for denying her a promotion were pretextual. Therefore, we will affirm the judgment for substantially the same reasons set forth in the record.